The presiding Judge charged the jury in favour of the plaintiff’s right of action in a case of this kind ; and also, against the right of an individual’s taking satisfaction by his *74 own arm in the first instance, (unless violence had been offered to him,) before he had applied to the master or owner of such slave, or to a magistrate for redress. And. they found a verdict, for Si. sterling, and costs of suit.
Se psgfi 99. of the Public La-mmfSouth Carolina,
Upon a motion in arrest of judgment and for a new trials Hearly the same grounds were taken, which had been urged on both sides, on the trial of the issue before the jury, when after argument the court determined, tha. this action ought to be supported from the necessity of the case, even if there had been no precedent to warrant it. The late chief justice had however informed them, that siriiilar actions had been supported by the.king’s judges, many years ago, under the colonial administration ; and no doubt was entertained by them previous to the revolution, but that it well lay for this injury. Here, they said, were ancient precedents in its support.
Taking it upon principle, there could be no doubt upon the subject. Every injury must have a remedy. This was ■one of a serious nature and called for redress. If the common law of England had tolerated slavery, a remedy would doubtless have been provided by it, for injuries done to that class of people, in all parts of the British dominions. In the act of the legislature, however, extending that system to Carolina, then a province to Great Britain, there is a proviso or exception as to all those parts of it, zohich were in» . . ‘ . , . consistent with the particular constitutions, customs and LAWS 0† this (then) province, which left an opening for this part of the provincial constitution and custom of tolerating slavery, and every thing relative to the government of slaves in Carolina. One part of this custom orlaw of the then province, denied to slaves civil rights, but then it allowed to their masters or owners, every right for redress of injuries done to their persons, which was necessary to afford them protection. Hence the origin of the right of supporting the action now contended for. And the reason of the thing justified the adoption of such a principle in Carolina. The master enjoys the fruits of the labour of his slave. He is *75 bound to obey his orders and injunctions, and as obedience and protection seem in the nature of things, to be reciprocal duties, he is bound in return to protect his slave from personal injuries, which can only be done in a peaceable manner by suit at law.
Compensation for the bare loss of labour, is not an adequate remedy, because very often an injury offered to a slave, in the execution of his master’s commands, is a direct injury offered to the master who gave the orders, or an affront offered to his authority, which would too often lead on to quarrels and bloodshed, if some adequate remedy was not provided for this kind of injury offered to a slave. They were, therefore, all of opinion, that the action will lie by the master, for a battery committed on his slave, which had been sanctioned by precedent, as well as by the natural principles of justice and reason ; and that no inconvenience could arise from such a right, for the damages in every such case would always be under the good sense and control of the juries of the country, who would ever be able to apportion them to the nature and circumstances of the case.
That as to the other ground taken in this case, they thought the best rule would be, in all cases where a slave, behaved amiss, or with rudeness or incivility to a free white man, to complain to the master, or other person having the charge of such offending slave, who, if he was actuated by curtesy and civility to his neighbour, would on such application, give him the necessary satisfaction for every insult or piece of improper conduct which a slave had offered: and that this was the most likely means of preserving peace and good order in a neighbourhood, or in the community in general, without taking redress by his own arm, which the principles of the law would not justify. But if upon such reasonable application to the owner, or person who had the charge or government of such slave, he. was refused reasonable satisfaction; then, upon an ap> *76 peal †0 a Cxvil magistrate it was his duty to see that repa~ ration was made, according to the nature and circumstances of the case.
Rule for new trial, discharged.
Present, Burke, Grimke and Bay.